

**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-24-04163

*Law and Policy Section*   *Telephone (202) 514-1442*
*P.O. Box 7415*   *Facsimile (202) 514-4231*
*Ben Franklin Station*
*Washington, DC 20044-7415*

<u>**VIA ELECTRONIC CASE FILING**</u>

April 22, 2016

Clerk's Office
United States District Court
Northern District of California, San Francisco
450 Golden Gate Avenue, Sixteenth Floor
San Francisco, CA 94102

    Re:    *California River Watch v. City of Santa Rosa,* United States District Court for the Northern District of California, Case No. 3:15-cv-2349 HSG

Dear Clerk of Court:

    I am writing to notify you that the United States has reviewed the proposed settlement agreement in the above-captioned case and has no objections to the agreement.

    On March 8, 2016, the Citizen Suit Coordinator for the Department of Justice received a copy of the proposed settlement agreement for review pursuant to Clean Water Act, 33 U.S.C. § 1365(c)(3). This provision provides, in relevant part:

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

*See also* 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of Justice). A settlement that does not undergo this federal review process is at risk of being void.[1]

---

[1] For purposes of the United States' right of review, the term "consent judgment" in the Clean Water Act citizen suit provision has a broad meaning, and encompasses all instruments entered with the consent of the parties that have the effect of resolving any portion of the case. For example, the United States views a document stipulating to dismissal of a case or any part thereof would be within the scope of this language. Such documents and any associated instruments (even if not submitted to the Court) must be submitted to the United States for review, notwithstanding any provisions purporting to maintain the confidentiality of such materials. The Department monitors citizen suit litigation to review compliance with this requirement.

In its review, the United States seeks to ensure that a consent judgment complies with the requirements of the relevant statute and is consistent with its purposes. *See Local 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525-26 (1986) (a consent decree should conform with and further the objectives of the law upon which the complaint was based). For example, if the defendant has been out of compliance with statutory or permit requirements, the proposed consent judgment should require the defendant to come into prompt compliance and should include a civil penalty, enforceable remedies, injunctive relief, and/or a supplemental environmental project (SEP) payment sufficient to deter future violations, or combinations of the above.

In its complaint, the plaintiff alleged violations of the Clean Water Act for discharges from the defendant's water reclamation system, which includes a wastewater treatment plant, wastewater storage ponds, and a sewage collection system. In terms of injunctive relief, the proposed settlement agreement provides that the defendant will continue to complete an inspection, rating, and evaluation of the existing condition of the gravity sewer collection system every five years; conduct repairs on those gravity sewer lines rated as "Significantly Defective"; and complete within seven years an inspection, rating, and evaluation of all gravity sewer lines except those within 200 feet of the surface. Under the proposed settlement agreement, the defendant must also augment certain aspects of its response and reporting, such as volume and flow estimates in its Sewer System Management Plan, the use of photographs, and water quality sampling; the defendant's website will also contain a link to the State Water Resources Control Board's website on sanitary sewer overflow public reports. Beginning in the 2016-2017 discharge season, the defendant must utilize the formula contained in Section 5 of the proposed settlement agreement for calculating the total amount of phosphorus that may reach, via subsurface means, the Laguna de Santa Rosa from the defendant's recycled water storage ponds. Under Section 8 of the proposed settlement agreement, the defendant will pay the plaintiff $70,000 in attorneys' and experts' fees and costs.

The proposed settlement agreement further provides that the defendant will pay $35,000 to the Sonoma County Youth Ecology Corps for a SEP. These funds will be used for the purpose of performing beneficial water quality projects in the Laguna de Santa Rosa and Santa Rosa Creek watersheds, including work on trash removal, addressing invasive species, planting of trees, maintenance of native plants, and restoration areas.

Where a consent judgment provides for the payment of sums to a third party that is to undertake an environmentally beneficial project and/or acquire a property interest that will have environmental benefits, the United States typically requests that the third party provide a letter to the Court and to the United States representing that it: (1) has read the proposed consent judgment; (2) will spend any monies it receives under the proposed judgment for the purposes specified in the judgment; (3) will not use any money received under the proposed consent judgment for political lobbying activities; and (4) will submit to the Court, the United States, and the parties a letter describing how the SEP funds were spent. In a letter dated April 21, 2016, the Sonoma County Human Services Department, which administers the Sonoma County Youth Ecology Corps, confirmed that any funds received by the organization as a result of the proposed consent judgment would be used solely for the purposes outlined in the agreement and that no portion of the funds would be used for political lobbying activities; a copy of the letter is

attached. The United States believes that this letter will help to ensure that any monies expended under the proposed settlement agreement will be used in a manner that furthers the purposes of the Clean Water Act and that is consistent with the law and the public interest.

Given these representations and the facts of this case, the United States has no objection to the proposed settlement agreement. We accordingly notify the Court of that fact.

The United States affirms for the record that it is not bound by this settlement. *See, e.g., Hathorn v. Lovorn*, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc.*, 484 U.S. 49, 60 (1987) (explaining that citizen suits are intended to "supplement rather than supplant governmental action"); *Sierra Club v. Electronic Controls Design*, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements, and may "bring its own enforcement action at any time"); 131 Cong. Rec. S15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party). The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case, the parties should so notify the United States, and provide a copy of the proposed modifications, 45 days before the Court enters any such modifications. *See* 33 U.S.C. §1365(c)(3).

We appreciate the attention of the Court.  Please contact the undersigned at (202) 305-0641 if you have any questions.

                Sincerely,

                */s/ Frederick H. Turner*
                Frederick H. Turner, Attorney
                U.S. Department of Justice
                Environment & Natural Resources Division
                Law and Policy Section
                P.O. Box 7415
                Washington, D.C.  20044-7415

cc:     Counsel of Record via ECF

Attachment




## Human Services Department
COUNTY OF SONOMA

"Empower, Support, Protect"

**Jerry Dunn, Director**
Office of the Director
tel **(707) 565-5750**
fax **(707) 565-5890**

Karen Fies, Assistant Director
Office of the Director
tel (707) 565-6990
fax (707) 565-5890

Oscar Chavez, Assistant Director
Office of the Director
tel (707) 565-3812
fax (707) 565-5890

Diane Kaljian, Director
Adult & Aging Services
tel (707) 565-5950
fax (707) 565-5957

Kim Seamans, Director
Economic Assistance
tel (707) 565-2198
fax (707) 565-2929

Sherry Alderman, Director
Employment & Training
tel **(707) 565-8501**
fax **(707) 565-8515**

Nick Honey, Director
Family, Youth & Children's Services
tel (707) 565-4300
fax (707) 565-4399

Carl Vanden Heuvel, Director
Fisc-Ops
tel (707) 565-5855
fax (707) 565-5890

April 21, 2016

Fred Turner
U.S. Department of Justice
P.O. Box 7415
Ben Franklin Station
Washington, D.C. 20044-7415

Re: California River Watch vs. City of Santa Rosa

Dear Mr. Turner:

This letter is intended to provide assurance that the proposed Consent Decree between California River Watch and the City of Santa Rosa has been received on behalf of the Sonoma County Board of Supervisors and the Sonoma County Human Services Department as administrators of the Sonoma County Youth Ecology Corps (SCYEC).

1. I understand that the County of Sonoma Human Services Department may receive funds from the City of Santa Rosa to fund the Sonoma County Youth Ecology Corps as specified in the Consent Decree.

2. As specified in the Consent Decree, the County of Sonoma Human Services Department shall only use this money to fund the Sonoma County Youth Ecology Corps, a jobs, workforce training, and ecosystem education program aimed at employing youth and young adults while teaching them about environmental stewardship for the purpose of performing beneficial water quality projects in the Laguna de Santa Rosa and Santa Rosa Creek watersheds (e.g. trash removal, addressing invasive species, planting of trees, maintenance of native plants and restoration areas). None of the funds shall be used to support litigation nor will they be used for political lobbying activities.

3. Within 30 days of these funds being disbursed, the County of Sonoma shall send a report to the Justice Department, the Court, and the other parties describing how the Supplemental Environmental Project (SEP) funds were used demonstrating the nexus with the Consent Decree.

The Sonoma County Youth Ecology Corps is the work experience element of the Youth Education and Employment Services (YEES) program, administered by the County of Sonoma Human Services Department, Employment & Training Division. The YEES program is funded by the federal Workforce Innovation and Opportunity Act (WIOA), which provides

at-risk youth and young adults with career preparation and educational support services to teach the relationship between academic learning and workplace application, prepare youth to be citizens and leaders, and provide support services needed to reduce barriers to success in school and in employment.

The SCYEC provides young people ages 16-24 with meaningful, paid work experience, environmental education, and the opportunity to explore careers and develop work-readiness skills. Youth contribute to their community while completing environmental and conservation-related projects or by working with local non-profit agencies. SCYEC receives additional funding support from a variety of leveraged sources, primarily Temporary Assistance for Needy Families (TANF), Realignment funding for transitional age foster youth, and funding from the Sonoma County Water Agency.

In agreement with the City of Santa Rosa, the County of Sonoma Human Service Department will provide one SCYEC crew of seven youth plus one crew leader over a 16-week period on or after August 15, 2016, to work on trash removal, addressing invasive species, planting of trees, maintenance of native plants, and restoration areas in the Laguna de Santa Rosa and Santa Rosa Creek watersheds for a total of 24 hours per week.

If you have any questions or need additional information, please contact Cristin Tuider, Youth Program Analyst, at (707) 565-8504 or ctuider@schsd.org.

Sincerely,

Karen Fies
for
Jerald C. Dunn
Director
Sonoma County Human Services Department

cc: Rita Miller, Deputy Director of Environmental Services, City of Santa Rosa